UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK STEVEN DOLSAK,

     Plaintiff,

v.                                      Case No: 8:16-cv-1095-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## ORDER

     Plaintiff, Frank Steven Dolsak, seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.     Procedural Background

     Plaintiff filed an application for disability insurance benefits on June 17, 2010. (Tr. 138.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 69–70.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 41–68.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 24–36.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 6–13.) Plaintiff appealed the decision, and on January 7, 2015, the Court granted the Commissioner's unopposed motion to remand to the agency for further consideration. (Tr. 1046–1050.) On

January 22, 2015, the Appeals Council vacated the previous decision and remanded the case to the ALJ to obtain any additional evidence, evaluate the evidence of record, further consider Plaintiff's residual functional capacity and past relevant work, and secure supplemental evidence from a vocational expert. (Tr. 1051–1056.) The ALJ held a second hearing on October 20, 2015, and subsequently issued a decision again denying Plaintiff's application. (Tr. 884–909.) Plaintiff then timely filed a complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.      Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1948, claimed disability beginning on July 14, 2009. (Tr. 138.) Plaintiff has a college education. (Tr. 143.) Plaintiff's past relevant work experience included work as an employment counselor, vocational instructor, maintenance engineer, vocational advisor, and teacher's assistant. (Tr. 36, 143.) Plaintiff alleged disability due to low back pain, Restless Leg Syndrome ("RLS"), depression, bilateral arthritis in the hips, memory problems due to medications, sleep apnea, and gastroesophageal reflux disease. (Tr. 142.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity during the period from his alleged onset date, July 14, 2009, through his date last insured, March 31, 2014. (Tr. 890.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: disorders of the spine, osteoarthritis of the hips, history of left shoulder impingement and rotator cuff tear, and RLS. (Tr. 890–892.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 892.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with

additional limitations, including alternating sitting and standing every thirty minutes and periods of shifting lasting two to three minutes during which he could work at a workstation. (Tr. 892.) The ALJ further concluded that Plaintiff has the ability to stand and walk for four hours and sit for six hours in an eight-hour workday. (Tr. 893.) The ALJ also found that Plaintiff can occasionally climb ramps and stairs and occasionally balance, stoop, kneel, crouch, and crawl, but can never climb ladders, ropes, or scaffolds. (Tr. 893.) Further, Plaintiff can occasionally reach in front, laterally and overhead with his left, non-dominant extremity, and occasionally have exposure to vibration and hazards, such as moving mechanical parts of equipment, tools, or machinery. (Tr. 893.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully credible. (Tr. 894.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform his past relevant work as an employment training specialist and a teacher's aide. (Tr. 899–900.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 901.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical,

physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the

factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ erred in the evaluation of Plaintiff's RFC; and (2) the ALJ erred in finding that Plaintiff can perform past relevant work. For the reasons that follow, neither of these contentions warrant reversal.

### A. The ALJ's RFC Assessment

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). The RFC is defined as the most a claimant "can still do despite [his] limitations." *Id.* § 404.1545(a)(1). To determine a claimant's RFC, an ALJ makes an assessment based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical, mental, or environmental limitations caused by the claimant's impairments and related symptoms. *Id.* § 404.1545(a)(1), (3). The ALJ will consider the limiting effects of all the claimant's impairments, even those that are not severe,

in determining the RFC. *Id.* § 404.1545(e). Ultimately, the ALJ's RFC assessment need not be identical to a particular assessment of record or incorporate precise limitations set forth by a physician. *See id.* § 404.1545(a)(3) (stating that all of the record evidence is considered in the RFC assessment). The final responsibility for deciding the RFC is reserved for the Commissioner. *Id.* § 404.1527(d)(2).

### 1. Plaintiff's Frequent Medical Appointments

Plaintiff first argues that the ALJ's erred in assessing Plaintiff's RFC because she failed to address two documents showing that Plaintiff had 246 medical appointments at Bay Pines Veteran Administration Health Care System ("VA Hospital") between January 5, 2009, and March 11, 2014, and failed to address Plaintiff's testimony regarding the appointments. Plaintiff contends that this is important because the ALJ did not address the implications of Plaintiff needing to miss work due to his appointments. (Dkt. 14 at 7–11.) Further, Plaintiff argues that the ALJ did not acknowledge treating physician Dr. Gregory Smith's opinion that the frequency of Plaintiff's appointments at the VA Hospital from January 2009 through March 2012 were reasonable and necessary. (Dkt. 14 at 11.) In a medical source statement questionnaire, Dr. Smith opined that Plaintiff would likely "have missed or need to leave early from work at least 2-3 days per month on an unscheduled basis." (Tr. 2103.)

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). This standard applies equally to the opinions of treating and non-treating physicians. *McClurkin v. Soc. Sec. Admin.*, 625 Fed. App'x 960, 962 (11th Cir. 2015). Importantly, however, while all medical opinions must be considered, including opinions regarding a claimant's RFC, a claimant's RFC is a decision "reserved to the Commissioner." 20

C.F.R. § 404.1527(d)(2); *Denomme v. Comm'r of Soc. Sec.*, 518 Fed. App'x 875, 877–78 (11th Cir. 2013).

In determining the weight to afford a medical opinion, the ALJ considers the examining and treatment relationship between the claimant and doctor, the length of the treatment and the frequency of the examination, the nature and extent of the treatment relationship, the supportability and consistency of the evidence, the specialization of the doctor, and other factors that tend to support or contradict the opinion. *Hearn v. Comm'r of Soc. Sec. Admin.*, 619 Fed. App'x 892, 895 (11th Cir. 2015). The medical opinions of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2). Good cause exists when the doctor's opinion is not bolstered by the evidence, the evidence supported a contrary finding, or the doctor's opinion is conclusory or inconsistent with his or her own medical records. *Winschel*, 631 F.3d at 1179.

Here, Plaintiff's treating physician Dr. Smith completed a medical source statement regarding Plaintiff's treatment history and disability on June 18, 2015. (Tr. 2102–2104.) Dr. Smith opined that Plaintiff's treatment appointments with the VA were reasonable and necessary and that he would likely "have missed or need to leave early from work at least 2-3 days per month on an unscheduled basis." (Tr. 2103.) Contrary to Plaintiff's argument, the ALJ specifically rejected Dr. Smith's opinions regarding Plaintiff's missed work. (Tr. 898.) The ALJ noted that the opinions contradicted Dr. Smith's own records wherein he noted that Plaintiff had no functional limitations and recommended follow-up appointments every six months. (Tr. 692–693, 898, 1534–1535, 1640–1641.) Thus, Dr. Smith's own treatment notes undermine his opinions found in the medical source statement. The ALJ properly afforded Dr. Smith's opinions limited weight,

noting that they were inconsistent with the record. *See Peters v. Astrue*, 232 Fed. App'x 866, 871 (11th Cir. 2007). Further, the medical source statement is a three page checklist with no reasoning to support Dr. Smith's opinions regarding Plaintiff's functional limitations other than the conclusory findings stated within the checklist. *See Winschel*, 631 F.3d at 1179 (providing that good cause exists to discount the opinion of a treating physician when the physician's opinion is conclusory or inconsistent with the physician's own medical records).

Plaintiff also argues that the ALJ failed to address the two documents showing that Plaintiff had 246 appointments at the VA Hospital and failed to address Plaintiff's testimony regarding the appointments. However, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his or her decision, so long as the decision is not "a broad rejection" that leaves the court with insufficient information to determine whether the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Here, the ALJ's decision was not a broad rejection. The ALJ thoroughly discussed Plaintiff's medical history, including Dr. Smith's opinions on the frequency of Plaintiff's physician appointments, and noted that Plaintiff "received regular routine follow up care" at the VA hospital. (Tr. 895.) Thus, the ALJ's decision as a whole was supported by substantial evidence, and Plaintiff's contention does not warrant reversal.

### 2. *Plaintiff's Side Effects from Medications*

Plaintiff next contends that the ALJ erred because her decision is void of any analysis of the side effects Plaintiff's medications have on him and the ALJ failed to consider the side effects in the RFC assessment. (Dkt. 14 at 15–16.) The record indicates that Plaintiff's medications include muscle relaxers, opioid based narcotics for pain treatment, and anti-depressants. (Tr. 636–653.) At the hearing, the ALJ asked Plaintiff whether his medications have any side effects. (Tr.

934.)  Plaintiff testified that his medications make him "groggy" and "puts [him] in a little haze." (Tr. 934.)

In support of his argument, Plaintiff relies on 20 C.F.R. § 404.1529(c)(3) and its inclusion of the side effects of medication as a factor in the ALJ's analysis.   However, 20 C.F.R. § 404.1529(c)(3) refers to an ALJ's evaluation of a claimant's subjective symptoms and credibility, not the RFC assessment.  Further, despite Plaintiff's argument that the ALJ's decision is "void" of any analysis of Plaintiff's medications, the ALJ explicitly rejected Plaintiff's complaint that his medication caused grogginess because it was not supported by the record.  (Dkt. 1 at 7.)  In her decision, the ALJ noted that Plaintiff's "reported side effects of haziness and grogginess are simply not supported by the medical evidence of record."  (Tr. 897.)  Indeed, Plaintiff offers no record evidence of his alleged side effects beyond his own subjective complaints.   A claimant's subjective complaints alone cannot establish disability.   *See* 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section."); *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991).  Therefore, Plaintiff's argument does not warrant reversal.

Additionally, to the extent that Plaintiff points to other evidence which would undermine the ALJ's RFC determination, his contentions misinterpret the narrowly circumscribed nature of the court's appellate review, which precludes us from "re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner]…even if the evidence preponderates against" the decision.  *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (quoting *Bloodsworth*, 703 F.2d at 1239).  This court may not reweigh the evidence and decide facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it.  *See Dyer*, 395 F.3d at 1210.

### B.    Plaintiff's Past Relevant Work

Plaintiff also argues that the ALJ erred in finding that Plaintiff is able to perform two of his past jobs in contradiction of the VE's testimony.  Plaintiff contends that the ALJ mistakenly included in her decision that based on Plaintiff's RFC, Plaintiff can return to his past relevant work as a teacher's aide and as an employment training specialist as it is regularly performed.  (Dkt. 14 at 18.)  Plaintiff asserts that according to the VE's testimony, Plaintiff is unable to perform either of those jobs when taking into consideration Plaintiff's RFC.  (Dkt. 14 at 18.)

The burden is on the claimant to show that he can no longer perform his past relevant work as he actually performed it, or as it is performed in the general economy.  *Jackson v. Bowen*, 801 F.2d 1291, 1293–94 (11th Cir. 1986).  In addition, the claimant bears the burden of showing that his past work experience is not past relevant work.  *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991).  If a Social Security claimant "can still do [the] kind of work" he has done in the past, he will be found not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).  Further, a VE's testimony regarding a claimant's ability to perform work constitutes substantial evidence when the ALJ poses a hypothetical question to the vocational expert "which comprises all of the claimant's impairments."  *Wilson*, 284 F.3d at 1227.

During the hearing, Plaintiff testified that his past relevant work included multiple jobs, including employment as a training specialist that he performed at the sedentary level, helping veterans find employment.  (Tr. 900, 952–953.)  The ALJ then asked the VE whether an individual with Plaintiff's limitations could perform Plaintiff's past relevant work.  However, in the first hypothetical to the VE, the ALJ did not include the limitation that Plaintiff can only stand and walk for four hours and sit for six hours in an eight-hour workday.  (Tr. 959–961.)  The VE testified that an individual without those limitations would be able to perform work as a teacher's aide and

as an employment training specialist. (Tr. 962.) The ALJ then asked whether an individual with Plaintiff's complete RFC, including the limitation of standing and walking for four hours and siting for six hours in an eight-hour workday, would be able to perform work as a teacher's aide and an employment training specialist as generally performed and actually performed. (Tr. 963.) The VE testified that an individual with Plaintiff's complete RFC would be able to perform work as an employment training specialist at a sedentary level, as actually performed by Plaintiff. (Tr. 963.)

In her decision, the ALJ mistakenly stated that Plaintiff was capable of performing past relevant work as an employment training specialist and as a teacher's aide and that the performance of these jobs was not precluded by Plaintiff's RFC. (Tr. 899.) However, the ALJ went on to explain that Plaintiff was capable of performing the position of an employment training specialist at the sedentary level, as actually performed by Plaintiff. (Tr. 900.) As Plaintiff concedes, the VE did testify that Plaintiff, with his complete RFC, is able to perform past relevant work as an employment training specialist as performed by Plaintiff. Therefore, the VE's testimony provided substantial evidence to support the ALJ's conclusion that Plaintiff can perform past relevant work. *See Waldrop v. Comm'r of Soc. Sec.*, 379 Fed. App'x. 948, 953 (11th Cir. 2010). Further, Plaintiff fails to show how the ALJ's error in the written decision is prejudicial. The ALJ's statement that Plaintiff is able to perform two of his past relevant jobs does not change the outcome of the ALJ's analysis and the finding that Plaintiff is able to perform past relevant work as performed by Plaintiff.

Plaintiff also argues that the ALJ improperly relied on the testimony of the VE after posing hypothetical questions that did not adequately reflect Plaintiff's limitations. Specifically, Plaintiff argues that the ALJ erred by relying on the VE's testimony because the ALJ failed to include Plaintiff's frequent absence from work due to his medical appointments and Plaintiff's inability to

sustain work tasks during the day due to the side effects of his medications. (Dkt. 14 at 12–13, 16.) In sum, Plaintiff contends that the ALJ erred in not including the limitations he argues should have been included within his RFC.

However, as determined above, Plaintiff has failed to establish that the ALJ erred in her RFC assessment. Therefore, the ALJ was not required to include any further limitations in the hypothetical to the VE. *See Freeman v. Comm'r, Soc. Sec. Admin.*, 593 Fed. App'x 911, 916 (11th Cir. 2014) (affirming the ALJ's decision because "the hypotheticals posed by the ALJ were consistent with the RFC determination and adequately considered all of [the claimant's] credible limitations"); *Crawford*, 363 F.3d at 1161 ("[T]he ALJ [is] not required to include findings in the hypothetical that the ALJ . . . properly reject[s] as unsupported."); *Wilson*, 284 F.3d at 1227 (providing that the VE's testimony constitutes substantial evidence when the ALJ poses a hypothetical question that comprises all of the claimant's impairments). Thus, Plaintiff's final contention does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on August 10, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

- 13 -